STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
EMMET P. ONG (NYBN 4581369)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
   E-mail: emmet.ong@usdoj.gov

Attorneys for Defendant NATIONAL INSTITUTES OF HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTIN LAVELLE, | Civil Action No. 4:22-cv-05118-YGR |
|    Plaintiff, | |
|   v. | **DEFENDANT'S ANSWER TO COMPLAINT** |
| NATIONAL INSTITUTE OF HEALTH, | |
|    Defendant. | |

Defendant National Institutes of Health ("NIH") hereby responds to the complaint (Dkt. No. 1) filed by Plaintiff Kristin Lavelle as follows:

### INTRODUCTION[1]

1. Defendant admits that Plaintiff has brought an action against Defendant under the Freedom of Information Act ("FOIA"). The remaining allegations in this paragraph characterize Plaintiff's complaint, a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of that document is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

### THE PARTIES

2. Defendant admits that it received the FOIA request at issue in this action. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

3. Defendant admits the allegations in the first sentence of this paragraph. Defendant denies the allegations set forth in the second sentence of this paragraph, and avers that the Department of Health and Human Services ("HHS") is the only proper defendant in this action.

### JURISDICTION AND VENUE

4. Admit.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

### FACTUAL BACKGROUND

**A.  The National Toxicology Program (NTP)**

6. Defendant denies the allegations in this paragraph, and avers that NTP is an interagency program composed of, and supported by, three government agencies within HHS: 1) The National Center for Toxicological Research of the Food and Drug Administration; 2) The National Institute of

---

[1] Defendant has included the headings listed in the complaint to assist in reading the pleadings and do not admit the accuracy of those headings.

DEFENDANT'S ANSWER TO COMPLAINT
No. 4:22-CV-05118-YGR                              1

Environmental Health Sciences of NIH; and 3) The National Institute of Occupational Safety and Health of the Centers for Disease Control and Prevention.

7. Defendant admits the allegations in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph. Defendant avers that, in carrying out its mission, the federal NTP partners develop and apply new methods, technologies, and research methods, necessary to achieve the vision of innovative and trusted toxicological science that protects human health. Defendant further avers that NTP partners work together to identify potentially hazardous substances and evaluate their effects for human health. Final peer reviewed data, reports, and monographs from NTP projects are freely available on the NTP website, and are used broadly by medical and scientific communities, health research and regulatory agencies, journalists and media professionals, and the public. These data and reports are also used by federal and state agencies to support regulations, create guidelines, or ban hazardous substances.

8. Admit.

9. Admit.

**B.     Fluoride & Neurodevelopment**

10. Admit.

11. Admit.

12. Deny.

**C.     NTP's <u>First</u> Report on Fluoride - Neurodevelopmental Effects in Animals**

13. Defendant admits the allegation in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, Defendant admits that NTP does not make policy determinations. Defendant denies the remaining allegations in in the second sentence of this paragraph and avers that NTP's data and reports are used by federal agencies and state agencies to make policy determinations, support regulations, create guidelines, or ban hazardous substances.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph and, therefore, denies them. The allegations in the second and third sentences in this paragraph characterize a judicial opinion in another action, a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of that document is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of this paragraph and, therefore, denies them.

### D. NTP's <u>Second</u> Report on Fluoride - Neurodevelopmental Effects in Humans

16. Defendant admits the allegations in the first and second sentences of this paragraph. Regarding the allegations in the third sentence of this paragraph, Defendant admits that NTP does not make policy determinations. Defendant denies the remaining allegations in in the third sentence of this paragraph and avers that NTP's data and reports are used by federal agencies and state agencies to make policy determinations, support regulations, create guidelines, or ban hazardous substances.

17. Admit.

18. Deny.

19. Defendant admits the allegations in the first and second sentences of this paragraph. Defendant denies the allegations in the third sentence of this paragraph.

20. Admit.

21. Defendant admits the allegations in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph.

### E. Plaintiff's FOIA Request

22. Admit.

23. Admit.

24. Admit.

25. Defendant admits that it had not made a determination on Plaintiff's FOIA request by the time the complaint was filed. Defendant denies the remaining allegations in this paragraph.

26. Deny.

27. Admit.

## LEGAL FRAMEWORK

**A.     The Statutory Deadline for Agencies to Make a "Determination" Under the FOIA**

28. The allegations in this paragraph characterize the FOIA, a federal statute that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of that document is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

29. The allegations in this paragraph characterize judicial opinions in other actions, documents that speaks for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of those documents is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

30. The allegations in this paragraph characterize judicial opinions in other actions, documents that speaks for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of those documents is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

**B.     The Deliberative Process Privilege**

31. The allegations in this paragraph characterize judicial opinions in other actions, documents that speaks for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of those documents is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

32. The allegations in this paragraph characterize judicial opinions in other actions, documents that speaks for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of those documents is denied. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

33. The allegations in this paragraph characterize a judicial opinion in another action, a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of that document is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

## CLAIM FOR RELIEF

(Violation of the Freedom of Information Act
5 U.S.C. § 552)

34. Defendant hereby incorporates by reference it responses to each of the allegations set forth in the preceding paragraphs of Plaintiff's complaint.

35. The allegations in this paragraph characterize the FOIA, a federal statute that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of that document is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

36. The allegations in this paragraph characterize judicial opinions in other actions, documents that speaks for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of those documents is denied. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

37. Admit.

38. Defendant admits that it has not communicated a determination to Plaintiff regarding the FOIA request at issue. Defendant denies the remaining allegations in this paragraph.

39. Defendant admits that the FOIA request at issue seeks three records. Defendant denies the remaining allegations in this paragraph.

40. Deny.

41. Defendant admits that the e-mail referenced in this paragraph was sent by a person who is not employed by the federal government. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

42. Deny.

## REQUESTED RELIEF

The remainder of the complaint consists of Plaintiff's Requested Relief, to which no response is required. To the extent a response is required, Defendant denies the allegations in the Requested Relief section of the complaint, and denies that Plaintiff is entitled to any of the relief requested in subparts A through D, or to any relief whatsoever from Defendant.

\*   \*   \*

## AFFIRMATIVE DEFENSES

In further answer to the complaint and as separate and distinct defenses to Plaintiff's claims set forth in the complaint, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Exhaustion of Administrative Remedies)

2. To the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient and timely administrative claim, this action is barred by a failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE
(Mootness)

3. The complaint raises claims that are moot.

**FOURTH AFFIRMATIVE DEFENSE**

(Statutory FOIA Exemptions)

4. The FOIA request at issues implicates certain information that is protected from disclosure by one of more statutory exemptions. Disclosure of such information is not required or permitted.

Defendant reserves the right to assert additional affirmative defenses as warranted.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by the complaint;
2. The complaint be dismissed with prejudice;
3. Judgment be entered in favor of Defendant;
4. Defendant be awarded its costs of suit;
5. The Court award such other and further relief, as it may deem proper.

DATED: November 10, 2022            Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/ *Emmet P. Ong*
EMMET P. ONG
Assistant United States Attorney

*Attorneys for Defendant National Institutes of Health*